UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Chapter 7

William McMillan, Jr.,  Case No. 15-40417

    Debtor.  Hon. Phillip J. Shefferly
_____/

### ORDER (1) DENYING IN PART CHAPTER 7 TRUSTEE'S EX PARTE MOTION; AND (2) REQUIRING DEBTOR TO APPEAR AT SHOW CAUSE HEARING

On January 14, 2015, the Debtor filed this Chapter 7 case pro se. To date, no § 341 meeting of creditors has been held. On May 19, 2015, the Chapter 7 Trustee filed an ex parte motion ("Motion") (ECF No. 36) to compel the attendance of the Debtor at a § 341 meeting of creditors and to have this Court direct the United States Marshal to apprehend the Debtor and incarcerate the Debtor until the adjourned § 341 meeting of creditors.

The Motion alleges that the Debtor has failed to attend the § 341 meeting of creditors, which has been adjourned on multiple occasions, and that "Upon information and belief," the Debtor has failed to disclose assets and may be purposely failing to attend the § 341 meeting of creditors to frustrate the Trustee's efforts to administer them in this bankruptcy case. The Motion is not supported by an affidavit.

Fed. R. Bankr. P 2005 governs the apprehension and removal of a debtor to compel attendance for examination. Paragraph (a) of the rule provides as follows:

> (a) ORDER TO COMPEL ATTENDANCE FOR EXAMINATION. On motion of any party in interest supported by an affidavit alleging (1) that the examination of the debtor is necessary for the proper administration of the estate and that there is reasonable cause to believe that the debtor is about to leave or has left the debtor's residence or principal place of business to avoid examination, or (2) that the debtor has evaded

service of a subpoena or of an order to attend for examination, or (3) that the debtor has willfully disobeyed a subpoena or order to attend for examination, duly served, the court may issue to the marshal, or some other officer authorized by law, an order directing the officer to bring the debtor before the court without unnecessary delay. If, after hearing, the court finds the allegations to be true, the court shall thereupon cause the debtor to be examined forthwith. If necessary, the court shall fix conditions for further examination and for the debtor's disobedience to all orders made in reference thereto.

Because the Motion is not supported by an affidavit as required by Rule 2005(a), the Court concludes that it would be improper to issue an order requiring the United States Marshal to bring the Debtor before the Court to determine if the allegations in the Motion are true. Further, even if the Motion was supported by an affidavit, the rule does not authorize the Court to incarcerate the Debtor until such time as the § 341 meeting of creditors can be held. Therefore, some of the relief requested by the Motion is not authorized by the rule.

However, the Court takes very seriously a debtor's failure to attend a § 341 meeting. And even though there is no affidavit in this case, it is clear from a review of the Motion and the file that the Debtor has been given multiple opportunities to attend the § 341 meeting, and that an adjourned date for the § 341 meeting was agreed to by the Debtor. With this Chapter 7 case now nearly five months old and no § 341 meeting having been held, and with the Debtor having failed to attend the § 341 meeting on multiple occasions, the Court shares the Trustee's concern about the state of this case. Further, the Court shares the Trustee's concern that the Debtor may be acting deliberately to frustrate the Trustee's efforts to administer this case. While these facts are not sufficient to warrant the Court having the United States Marshal pick up the Debtor and incarcerate him, the Court concludes that the Motion sets forth sufficient cause for the Court to require the Debtor to appear at a hearing before this Court regarding the Debtor's failure to attend the § 341 meeting to

date, and to show cause why the Court should not compel the Debtor's attendance at a rescheduled § 341 meeting. Accordingly,

**IT IS HEREBY ORDERED** that the Court declines to grant the relief requested by the Motion, to the extent that it requests the United States Marshal to apprehend the Debtor and to incarcerate him until a § 341 meeting is held.

**IT IS FURTHER ORDERED** that the Debtor shall appear at a hearing to be held on **June 22, 2015 at 2:00 p.m.**, before the Honorable Phillip J. Shefferly, in Courtroom 1975, 211 West Fort Street, Detroit, Michigan 48226, to show cause why the Court should not issue an order directing the United States Marshal to apprehend the Debtor and compel him to attend the § 341 meeting of creditors. If the Debtor fails to attend the hearing scheduled by this order without the Court having entered an order specifically excusing the Debtor's attendance at the hearing in advance of such hearing, the Court may impose additional remedies, including issuing a bench warrant directing the United States Marshal to pick up the Debtor wherever he may be found and bring him immediately to the Court.

.

**Signed on June 01, 2015**

                                                      **/s/ Phillip J. Shefferly**
                                                      **Phillip J. Shefferly**
                                                      **United States Bankruptcy Judge**