UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Chapter 7

William McMillan, Jr.,                              Case No. 15-40417

    Debtor.                                     Hon. Phillip J. Shefferly
_____/


**ORDER REGARDING ISSUANCE OF ARREST WARRANT AND DENYING AUTHORIZATION
FOR CHAPTER 7 TRUSTEE TO TAKE POSSESSION OF NON-EXEMPT PROPERTY**

On January 14, 2015, the Debtor filed this Chapter 7 case pro se. The Debtor failed to attend the § 341 meeting. The § 341 meeting was adjourned on multiple occasions, but the Debtor still failed to attend. On May 19, 2015, the Chapter 7 Trustee filed a motion to compel the attendance of the Debtor at the § 341 meeting, and requested that the Court direct the United States Marshal to apprehend the Debtor and incarcerate him until the § 341 meeting could be held. On June 1, 2015, the Court entered an order ("First Order") (ECF No. 37) that granted some of the Trustee's relief, but denied some of the Trustee's relief. The Court agreed with the Trustee that the Debtor must attend the § 341 meeting, but the Court was reluctant to have the United States Marshal apprehend and incarcerate the Debtor without having a more fully developed record. Therefore, the First Order scheduled a hearing for June 22, 2015 at 2:00 p.m. and required the Debtor to appear and show cause why the Court should not grant all of the relief requested by the Trustee.

However, the Debtor failed to appear at the hearing scheduled on June 22, 2015. As a result, the Court entered another order ("Second Order") (ECF No. 43) on June 24, 2015. The Second Order scheduled another hearing on July 23, 2015 at 9:30 a.m. The Second Order further stated that the Debtor "must attend both the hearing rescheduled by this order and the § 341 meeting

at the date and time rescheduled by the Trustee." The Court instructed the United States Marshal to serve the Second Order on the Debtor at his address at 10057 Grandville, Detroit, Michigan 48228, or wherever he may be found. The Second Order also explained that if the Debtor failed to attend the rescheduled hearing or the rescheduled § 341 meeting, the Court would issue a warrant for the Debtor's arrest directing the United States Marshal to arrest the Debtor wherever he may be found and bring him to the United States Bankruptcy Court for the Eastern District of Michigan.

The Debtor failed to attend either the rescheduled hearing on July 23, 2015 at 9:30 a.m. or the rescheduled § 341 meeting on July 23, 2015 at 10:00 a.m. The Trustee renewed his request that the Court issue a warrant for the Debtor's arrest.

Subsequently, on September 30, 2015, the Trustee filed an ex parte motion ("Motion") (ECF No. 48) requesting various forms of relief, including authorization for the Trustee to take possession of the Debtor's property, including the contents of the Debtor's residence at 10057 Grandville, Detroit, Michigan 48228, and property belonging to 3 Diamonds Landscaping & Property Maintenance LLC.

This order addresses both the Trustee's request for the issuance of a warrant for the Debtor's arrest and the relief requested by the Trustee in the Motion.

As for the arrest warrant, the Court notes that Fed. R. Bankr. P. 2005 authorizes the apprehension and removal of a debtor to compel attendance for examination in the circumstances described in the rule. Paragraph (a) of the rule provides as follows:

> (a) ORDER TO COMPEL ATTENDANCE FOR EXAMINATION. On motion of any party in interest supported by an affidavit alleging (1) that the examination of the debtor is necessary for the proper administration of the estate and that there is reasonable cause to believe that the debtor is about to leave or has left the debtor's residence or principal place of business to avoid examination, or (2) that the debtor has evaded service of a subpoena or of an order to attend for examination, or (3) that the debtor

has willfully disobeyed a subpoena or order to attend for examination, duly served, the court may issue to the marshal, or some other officer authorized by law, an order directing the officer to bring the debtor before the court without unnecessary delay. If, after hearing, the court finds the allegations to be true, the court shall thereupon cause the debtor to be examined forthwith. If necessary, the court shall fix conditions for further examination and for the debtor's disobedience to all orders made in reference thereto.

In this case, there is no question that the examination of the Debtor is necessary to enable the Trustee to properly administer this estate. The Trustee has attempted on multiple occasions to conduct the § 341 meeting and the Debtor has ignored his responsibilities under the Bankruptcy Code. Further, even though the Trustee has not filed a supporting affidavit, the record made in this case at the hearings held on June 22, 2015 and July 23, 2015, shows that the Debtor has willfully disobeyed both the First Order and the Second Order requiring him to attend the § 341 meeting for examination. Further, the proof of service (ECF No. 44) of the Second Order filed by the United States Marshal on July 21, 2015 indicates that the United States Marshal served the Second Order on Sherie Williams, an individual at the Debtor's residence who identified herself as the mother of the Debtor's child, and who informed the United States Marshal that "she would see him later in the day" when asked about the Debtor. The fact that the Debtor did not attend the hearing despite service by the United States Marshal upon Sherie Williams at the Debtor's residence further supports a finding that the Debtor willfully disobeyed the Second Order.

The Court finds that the Debtor has avoided examination by the Trustee, evaded orders to attend the examination, and willfully disobeyed the First Order and the Second Order after they were duly served. The Court finds that the circumstances set forth in Fed. R. Bankr. P. 2005(a) are present in this case and the Court is left with no other choice but to have the Debtor arrested pursuant to Fed. R. Bankr. P. 2005. Therefore, the Court will issue an arrest warrant and direct the

United States Marshal to arrest the Debtor wherever he may be found and bring him forthwith to the United States Bankruptcy Court.

As for the Motion, the Court concludes that the Trustee is not entitled to the relief requested. The Trustee properly cites <u>Taunt v. Barman</u> (<u>In re Barman</u>), 252 B.R. 403 (Bankr. E.D. Mich. 2000) in his brief in support of the Motion. The <u>Barman</u> court found that the "status and function of a trustee in a chapter 7 case [ ] suggest a sufficient nexus to the government and its power that it is necessary and appropriate to apply to the trustee the fourth amendment limits on government power." <u>Id.</u> at 412-13. The court then set forth the constitutionally required process for a trustee to inspect a debtor's residence for property of the estate when "the trustee has reason to believe that there are undisclosed assets to be administered for the benefit of the estate." <u>Id.</u> at 416 (citation omitted). The first requirement is that

> [t]he trustee must file a written motion requesting an inspection order, setting forth the facts establishing that there is reason to believe that there is property of the estate on the premises to be inspected. The motion must set forth these facts in a detailed fashion so that the court can make an independent judgment on this matter.

<u>Id.</u> at 418. The second requirement is that "[t]he motion should ordinarily be filed according to the regular motion process utilized by the court," but certain circumstances could support ex parte relief. <u>Id.</u>

The Trustee alleges in the Motion that "upon information and belief," the Debtor has failed to disclose assets, including in 3 Diamonds Landscaping & Property Maintenance LLC. The Trustee goes on to allege, also based "upon information and belief," that the Debtor may be purposely avoiding appearing at the § 341 meeting "so that he does not have to lose his significant assets." These allegations, being based only on information and belief, fall short of the constitutional requirements articulated in <u>Barman</u>.

-4-

United States Marshal to arrest the Debtor wherever he may be found and bring him forthwith to the United States Bankruptcy Court.

As for the Motion, the Court concludes that the Trustee is not entitled to the relief requested. The Trustee properly cites <u>Taunt v. Barman</u> (<u>In re Barman</u>), 252 B.R. 403 (Bankr. E.D. Mich. 2000) in his brief in support of the Motion. The <u>Barman</u> court found that the "status and function of a trustee in a chapter 7 case [ ] suggest a sufficient nexus to the government and its power that it is necessary and appropriate to apply to the trustee the fourth amendment limits on government power." <u>Id.</u> at 412-13. The court then set forth the constitutionally required process for a trustee to inspect a debtor's residence for property of the estate when "the trustee has reason to believe that there are undisclosed assets to be administered for the benefit of the estate." <u>Id.</u> at 416 (citation omitted). The first requirement is that

> [t]he trustee must file a written motion requesting an inspection order, setting forth the facts establishing that there is reason to believe that there is property of the estate on the premises to be inspected. The motion must set forth these facts in a detailed fashion so that the court can make an independent judgment on this matter.

<u>Id.</u> at 418. The second requirement is that "[t]he motion should ordinarily be filed according to the regular motion process utilized by the court," but certain circumstances could support ex parte relief. <u>Id.</u>

The Trustee alleges in the Motion that "upon information and belief," the Debtor has failed to disclose assets, including in 3 Diamonds Landscaping & Property Maintenance LLC. The Trustee goes on to allege, also based "upon information and belief," that the Debtor may be purposely avoiding appearing at the § 341 meeting "so that he does not have to lose his significant assets." These allegations, being based only on information and belief, fall short of the constitutional requirements articulated in <u>Barman</u>.

-4-

This is not to say that the Court condones in any way the Debtor's conduct in this case.  The Debtor has a duty under § 521(a)(3) of the Bankruptcy Code to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under the Bankruptcy Code."  The Debtor also has a duty under § 521(a)(4) of the Bankruptcy Code to "surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate . . . ."  The Debtor has indisputably failed to perform either of these duties.  This conduct can reasonably lead the Trustee to believe that the Debtor is attempting to frustrate the administration of this estate.  But it is not enough to infer from the Debtor's failure to perform his duties that he is concealing non-exempt assets, in light of the constitutional limitations, to support the relief requested by the Trustee in the Motion.  See Youngman v. Bursztyn (In re Bursztyn), 366 B.R. 353, 356-60 (Bankr. D.N.J. 2007) (finding that the trustee presented a sufficient record to grant her motion for an order of inspection and seizure on an ex parte basis through "two written judicial decisions rendered in" a protracted, multi-year divorce action); Barman, 252 B.R. at 419 (finding that "the trustee did an extraordinary job of marshaling detailed facts establishing reason to believe that the debtor owned more than [the property scheduled,]" that his non-filing spouse "lacked credibility and had been uncooperative," and presented detailed facts "demonstrat[ing] an extended series of highly suspect transactions as well as hiding assets").  Accordingly, for the reasons set forth herein,

**IT IS HEREBY ORDERED** that the Court will issue a warrant for the arrest of William McMillan, Jr., and will direct the United States Marshal to arrest William McMillan, Jr., wherever he may be found, and bring him forthwith to the United States Bankruptcy Court for the Eastern District of Michigan to appear before the Honorable Phillip J. Shefferly, in Courtroom 1975,

15-40417-pjs    Doc 50    Filed 10/29/15    Entered 10/30/15 06:31:24    Page 5 of 6

211 West Fort Street, Detroit, Michigan 48226, or in the absence of Judge Shefferly, to the nearest Bankruptcy Judge available at the Bankruptcy Court at the time of the arrest of William McMillan, Jr., for the purpose of testifying at the § 341 meeting of creditors.

**IT IS FURTHER ORDERED** that the Motion is denied without prejudice.

.

**Signed on October 29, 2015**

           **/s/ Phillip J. Shefferly**
           **Phillip J. Shefferly**
           **United States Bankruptcy Judge**